FILED

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA 2010 MAY 14 PM 2: 25
CIVIL DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

FLORIDA COMMUNITY BANK, a Florida banking corporation,

    Plaintiff,

vs.

ARBORETUM DEVELOPMENT, LLC, a Florida limited liability company, BAYSHORE CLUB, L.P., an Indiana limited partnership n/k/a BAYSHORE OF NAPLES, L.P., an Indiana limited partnership, PETER T. DVORAK, CLAY O. WINFIELD, TIMOTHY N. KAISER, BOARD OF COUNTY COMMISSIONERS OF COLLIER COUNTY, FLORIDA and PLANNING DEVELOPMENT, INCORPORATED, a Florida corporation

    Defendants.
_____/

Case No. 09 - 10417 - CA

2:10-cv-313-FtM-36DNF



COPY

2009 DEC -3 PM 2: 11
CLERK OF COURTS
BY_____
D.C.

FILED 04
COLLIER COUNTY, FLORIDA

## COMPLAINT FOR DAMAGES, AND FOR FORECLOSURE OF MORTGAGE ON REAL PROPERTY, AND APPOINTMENT OF A RECEIVER

COMES NOW the Plaintiff, FLORIDA COMMUNITY BANK, a Florida banking corporation, by and through its undersigned attorney, and sues the Defendants, ARBORETUM DEVELOPMENT, LLC, a Florida limited liability company, ("Borrower" or "Arboretum"), BAYSHORE CLUB, L.P., an Indiana limited partnership n/k/a BAYSHORE OF NAPLES, L.P., an Indiana limited partnership, ("Bayshore"), PETER T. DVORAK ("Dvorak"), CLAY O. WINFIELD ("Winfield"), TIMOTHY N. KAISER (Kaiser"), BOARD OF COUNTY COMMISSIONERS OF COLLIER COUNTY, FLORIDA ("County Commissioners") and PLANNING DEVELOPMENT, INCORPORATED, a Florida corporation ("Planning Development") (all defendants are collectively hereinafter referred to as "Defendants") and alleges:

## General Allegations

1. The Plaintiff, FLORIDA COMMUNITY BANK, a Florida banking corporation ("Bank" or "Plaintiff") is authorized to and is doing business throughout Florida, including Collier County.

2. Arboretum is a limited liability company located and/or doing business in Collier County, Florida.

3. Bayshore was an Indiana limited partnership, formerly known as Bayshore Club, L.P., an Indiana limited partnership, which merged with Arboretum by virtue of those certain Articles of Merger filed on March 16, 2006 with the Secretary of State, State of Florida, wherein Arboretum was the surviving entity.

4. Dvorak is an individual located in Bloomington, Monroe County, Indiana and/or doing business in Collier County, Florida.

5. Winfield is an individual located and/or doing business in Collier County, Florida.

6. Kaiser is an individual located in Alton, Madison County, Illinois and/or doing business in Collier County, Florida.

7. County Commissioners is an elected governing board existing and doing business in Collier County, Florida.

8. Planning Development is a corporation located and/or doing business in Collier County, Florida.

9. The real property subject to this foreclosure action is located in Collier County, Florida.

10. All conditions precedent to Plaintiff's right to bring this action, to the relief requested in this pleading, pursuant to the documents attached hereto, and to the maintenance to this action have been performed, or in the alternative have occurred.

11. The Plaintiff has retained the undersigned firm to represent it and has agreed and obligated itself to pay its attorney a reasonable fee for its services rendered on its behalf for which the Defendants are liable pursuant to the terms and conditions of the documents attached hereto. Plaintiff is entitled to recover same.

12. On or about March 16, 2006, Borrower executed and delivered to the Bank a Promissory Note in the principal amount of $25,600,000.00, as renewed by that certain Renewal Promissory Note dated March 16, 2008 in the principal amount of $25,600,000.00, copies of said Notes are attached hereto as Exhibit "A" (collectively, the "Note").

13. On or about March 16, 2006, Borrower executed and delivered to the Bank that certain Mortgage and Security Agreement recorded in O.R. Book 4002, Page 2857, as modified by that certain Mortgage Modification and Security Agreement dated March 16, 2008 recorded in O.R. Book 4374, Page 0440, all in the Public Records of Collier County, Florida ("Mortgage"), securing the Note, which is attached hereto as Exhibit "B".

14. The Guarantor, Peter T. Dvorak, executed and delivered to the Bank a Continuing and Unconditional Guaranty dated March 16, 2006, and that certain Restatement and Reaffirmation of Continuing and Unconditional Guaranty dated March 16, 2008 ("Dvorak Guaranty"), for the repayment of the Note, a copy of which is attached hereto as Exhibit "C".

15. The Guarantor, Clay O. Winfield, executed and delivered to the Bank a Continuing and Unconditional Guaranty dated March 16, 2006, and that certain Restatement and Reaffirmation of Continuing and Unconditional Guaranty dated March 16, 2008 ("Winfield Guaranty"), for the repayment of the Note, a copy of which is attached hereto as Exhibit "D".

16. The Guarantor, Timothy N. Kaiser, executed and delivered to the Bank a Continuing and Unconditional Guaranty dated March 16, 2006, and that certain Restatement and Reaffirmation of Continuing and Unconditional Guaranty dated March 16, 2008 ("Kaiser Guaranty"), for the repayment of the Note, a copy of which is attached hereto as Exhibit "E".

17. In the Mortgage, Borrower gave Plaintiff a security interest in real property (the "Property") which is located in Collier County, Florida, and more particularly described in Exhibit "F". The Property is now owned by Borrower.

18. The Plaintiff owns and holds the Note and the Mortgage.

19. The Notice required by the Fair Debit Collection Practices Act (15 U.S.C. §§ 1601, *et seq*.) is attached hereto as Exhibit "G".

## COUNT I

20. This is an action for damages that exceeds $15,000.00.

21. The Plaintiff realleges paragraphs 1 through 19 as if set out fully herein.

22. Borrower defaulted under the Note by failing to pay the amount due pursuant to the Note on October 16, 2008, and all subsequent payments.

23. Plaintiff has subsequently accelerated and declared the full amount due and payable under the Note and Mortgage.

24. As to the Note, Borrower owes the Plaintiff $31,247,359.76 as of November 15, 2009, plus interest, at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, costs for collection, and other sums that may become due or accrued under the Note and Mortgage.

WHEREFORE, Plaintiff demands judgment against the Borrower for damages, interest, fees, costs, attorneys' fees and any and all other relief this Court deems proper.

## COUNT II

25. This is an equitable action to foreclose an interest in real property in Collier County, Florida, and is within the jurisdiction of this Court.

26. The Plaintiff realleges paragraphs 1 through 19 as if set out fully herein.

27. In the Mortgage, Borrower gave Plaintiff a security interest in the Property, then owned by and still in possession of Borrower.

28. Borrower defaulted on or about October 16, 2008 under the Note and Mortgage by failing to pay the amounts then due pursuant to and in accordance with the Note and Mortgage, and all subsequent payments.

29. Plaintiff declares the full amount payable under the Note and Mortgage to be due, and Borrower has failed to make payment.

30. As of November 15, 2009, Borrower owes Plaintiff $31,247,359.76 plus interest at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, costs for collection, and other sums that may become due or accrued under the Note and Mortgage.

31.     The BOARD OF COUNTY COMMISSIONERS may claim some interest in the Property which is the subject matter of this action by virtue of those certain Orders of the Special Magistrate against BAYSHORE CLUB LP, an Indiana limited partnership c/o PINNACLE PROPERTIES dated June 22, 2009 and recorded in O.R. Book 4463, Page 3344, dated June 22, 2009 and recorded in O.R. Book 4463, Page 3347, dated July 27, 2009 and recorded in O.R. Book 4475, Page 2736 and dated July 27, 2009 and recorded in O.R. Book 4475, Page 2741, and that certain Collier County Code Enforcement Order of the Special Master dated May 6, 2005 and recorded in O.R. Book 3797, Page 3864, all in the Public Records of Collier County, Florida, but said liens are subordinate and inferior to the claims of the Bank herein.

32.     PLANNING DEVELOPMENT, INCORPORATED, a Florida corporation, may claim some interest in the property which is the subject matter of this action by virtue of those certain Claims of Lien against BAYSHORE CLUB LP, an Indiana limited partnership c/o PINNACLE PROPERTIES dated February 5, 2009 and recorded in O.R. Book 4425, Page 2109, dated March 4, 2009 and recorded in O.R. Book 4434, page 1961 and dated April 29, 2009 and recorded in O.R. Book 4448, Page 212, and those certain Orders of the Special Magistrate dated June 5, 2009 and recorded in O.R. Book 4463, Page 3344 and O.R. Book 4463, Page 3347 but said liens are subordinate and inferior to the claims of the Bank herein.

33.     PLANNING DEVELOPMENT, INCORPORATED, a Florida corporation, may also claim some interest in the property which is the subject matter of this action by virtue of those certain Claims of Lien against Borrower dated February 5, 2009 and recorded in O.R. Book 4425, Page 2111, dated March 4, 2009 and recorded in O.R. Book 4434, page 1963 and dated April 29, 2009 and recorded in O.R. Book 4448, Page 214, and those certain Orders of the Special Magistrate dated June 5, 2009 and recorded in O.R. Book 4463, Page 3344 and O.R.

Book 4463, Page 3347, and that certain Lis Pendens dated May 19, 2009 filed at case Number 09-4432-CA and recorded at 4454, Page 2229, but said liens are subordinate and inferior to the claims of the Bank herein.

WHEREFORE, Plaintiff demands judgment foreclosing the Mortgage, and if the proceeds of the sale are insufficient to pay Plaintiff's claim, a deficiency judgment, as well as interest, fees, costs, attorneys' fees and any and all other relief this Court deems proper.

## COUNT III

34. This is an action against Peter T. Dvorak for breach of the Dvorak Guaranty and damages that exceed $15,000.00.

35. The Plaintiff realleges Paragraphs 1 through 19, as set forth above.

36. The Bank owns and holds the Dvorak Guaranty.

37. On or about October 16, 2008, Borrower failed to pay the amounts due and all subsequent payments in accordance with and pursuant to the Note.

38. Plaintiff has subsequently accelerated and declared the full amount due and payable under the Note and Borrower has failed to make payment.

39. The Borrower owes the Plaintiff $31,247,359.76 as of November 15, 2009 that is due, plus interest, at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, costs for collection, and other sums that may become due or accrued under the Note and Mortgage.

40. As a result of the Borrower's default under the Note and Mortgage, and pursuant to the Dvorak Guaranty, Dvorak owes Bank as of November 15, 2009 the amount of

$31,247,359.76, plus interest at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, expenses, costs for collection, and other sums that may become due or accrued under the Note.

41. Dvorak has failed to pay the Bank.

WHEREFORE, the Bank respectfully requests this Court enter a judgment against Dvorak for all amounts owed under the Dvorak Guaranty, plus interest, fees, costs, attorneys' fees, and grant such further and other relief as this Court deems appropriate.

## COUNT IV

42. This is an action against Clay O. Winfield for breach of the Winfield Guaranty and damages that exceed $15,000.00.

43. The Plaintiff realleges Paragraphs 1 through 19, as set forth above.

44. The Bank owns and holds the Winfield Guaranty.

45. On or about October 16, 2008, Borrower failed to pay the amounts due and all subsequent payments in accordance with and pursuant to the Note.

46. Plaintiff has subsequently accelerated and declared the full amount due and payable under the Note and Borrower has failed to make payment.

47. The Borrower owes the Plaintiff $31,247,359.76 as of November 15, 2009 that is due, plus interest, at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, costs for collection, and other sums that may become due or accrued under the Note and Mortgage.

48.  As a result of the Borrower's default under the Note and Mortgage, and pursuant to the Winfield Guaranty, Winfield owes Bank as of November 15, 2009 the amount of $31,247,359.76, plus interest at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, expenses, costs for collection, and other sums that may become due or accrued under the Note.

49.  Winfield has failed to pay the Bank.

WHEREFORE, the Bank respectfully requests this Court enter a judgment against Winfield for all amounts owed under the Winfield Guaranty, plus interest, fees, costs, attorneys' fees, and grant such further and other relief as this Court deems appropriate.

## COUNT V

50.  This is an action against Timothy N. Kaiser for breach of the Winfield Guaranty and damages that exceed $15,000.00.

51.  The Plaintiff realleges Paragraphs 1 through 19, as set forth above.

52.  The Bank owns and holds the Kaiser Guaranty.

53.  On or about October 16, 2008, Borrower failed to pay the amounts due and all subsequent payments in accordance with and pursuant to the Note.

54.  Plaintiff has subsequently accelerated and declared the full amount due and payable under the Note and Borrower has failed to make payment.

55.  The Borrower owes the Plaintiff $31,247,359.76 as of November 15, 2009 that is due, plus interest, at the default rate of eighteen percent (18%), late fees, title search expenses for

ascertaining necessary parties to this action, costs for collection, and other sums that may become due or accrued under the Note and Mortgage.

56. As a result of the Borrower's default under the Note and Mortgage, and pursuant to the Kaiser Guaranty, Kaiser owes Bank as of November 15, 2009 the amount of $31,247,359.76, plus interest at the default rate of eighteen percent (18%), late fees, title search expenses for ascertaining necessary parties to this action, expenses, costs for collection, and other sums that may become due or accrued under the Note.

57. Kaiser has failed to pay the Bank.

WHEREFORE, the Bank respectfully requests this Court enter a judgment against Kaiser for all amounts owed under the Kaiser Guaranty, plus interest, fees, costs, attorneys' fees, and grant such further and other relief as this Court deems appropriate.

## COUNT VI

58. This is an action requesting the appointment of a Receiver and is otherwise within the jurisdiction of this Court.

59. The Plaintiff realleges paragraphs 1 through 19 as if set out fully herein.

60. In the event of a default, Plaintiff is entitled to the appointment of a Receiver to manage and maintain the Property. Plaintiff has the right to have a Receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve it, to operate the Property preceding foreclosure or sale, and to collect rents, income, profits or revenue from the Property.

61. Borrower has defaulted under the terms of the Note and Mortgage, resulting in the institution of the foreclosure proceedings contained herein.

62. A Receiver should be appointed to take charge of the Property for the benefit of Plaintiff and Borrower's creditors.

63. Plaintiff has no adequate remedy at law to prevent the waste and dissipation of the Property. The appointment of a Receiver is necessary to protect and properly safeguard the Plaintiff's interest in the Property.

64. Absent the appointment of the Receiver, Plaintiff will suffer irreparable harm as a result of any waste or dissipation of the Property.

65. By virtue of the default in the Note and Mortgage as set forth herein, and in order to protect the Property and Plaintiff's interest in the Property, Plaintiff is entitled to such appointment.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order appointing a Receiver to manage, protect, and maintain the subject Property and to receive all sums paid out under the Mortgage as if originally funded thereunder. The Receiver shall hold and, if necessary, liquidate the Property for the benefit of Plaintiff and any junior lienholders, prevent waste and dissipation, and protect Plaintiff's secured interest in the Property.

## COUNT VII

66. This is an action to enforce a lost or destroyed instrument pursuant to Florida Statute 673.3091.

67. The Plaintiff realleges paragraphs 1 through 19 as if set out fully herein.

68. Plaintiff is not in possession of the original Note, a copy of which is attached and made a part of this Complaint and marked as Exhibit "A".

69. The Plaintiff was entitled to enforce the Note when the loss of possession of said document occurred.

70. The loss of possession of the Note by Plaintiff was not the result of a transfer by the Plaintiff or a lawful seizure.

71. The Plaintiff cannot reasonably obtain possession of the Note because the Note was destroyed or its whereabouts cannot be determined.

72. Borrower is adequately protected in that the Plaintiff will indemnify said Borrower against all losses that might occur by reason of the claim by another person to enforce the Note.

WHEREFORE, Plaintiff prays for a judgment re-establishing the Note and their enforceability, and any and all other relief this Court may determine.

GARLICK, STETLER & SKRIVAN, LLP

By: _____
RICHARD J. SWIFT, JR., ESQ.,
Attorney for FLORIDA COMMUNITY BANK
9115 Corsea del Fontana Way, Suite 100
Naples, Florida 34109
(239) 597-7088 – telephone
(239) 597-6984 - fax
Florida Bar #584861